```
              UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


NATIONAL RECOVERY AGENCY, INC.,  :   CIVIL NO. 4:05-CV-0033
and DIVERSIFIED BILLING          :
SERVICES, INC.,                  :
                                 :
           Plaintiffs            :   (Magistrate Judge Smyser)
                                 :
      v.                         :
                                 :
AIG TECHNICAL SERVICES, INC.,    :
AMERICAN INTERNATIONAL GROUP,    :
INC. and ILLINOIS NATIONAL       :
INSURANCE COMPANY,               :
                                 :
           Defendants            :
```

**MEMORANDUM AND ORDER**

The plaintiffs are National Recovery Agency, Inc. and Diversified Billing Services, Inc.  The defendants are AIG Technical Services, Inc. ("AIGTS"), American International Group, Inc. ("AIG") and Illinois National Insurance Company. The complaint was filed on January 6, 2005.  Jurisdiction of the court is based upon diversity of citizenship.  The plaintiffs are Pennsylvania corporations.  The defendants are Delaware companies (AIGTS and AIG) and an Illinois corporation.

The answer to the complaint, filed by all defendants, was filed on March 1, 2005.  On May 2, 2005, the defendants filed motions for judgment on the pleadings (Docs. 21, 23) and supporting briefs.  Briefs in opposition were filed by the plaintiffs on May 16, 2005 (Docs. 29, 30).  Reply briefs in support were filed on May 23, 2005 (Docs. 31, 32).  These motions for judgment on the pleadings will be denied for the reason that the defendants have in their answer denied most of

the averments in the complaint.  Where nearly all of the 174 numbered paragraphs in a complaint are denied in the answer to the complaint, the framework for a judgment on the pleadings is hard to find.  Some of the averments in the complaint are denied for the reason that the paragraphs of the complaint quote language from relevant documents which the defendants assert speak for themselves.  Others are denied on the grounds that they are conclusions of law (Docs. 1, 12).

Under Rule 12(c), a party may move for a judgment on the pleadings.  Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings after the pleadings are closed.  The pleadings here are closed.  In deciding a motion for judgment on the pleadings the court must "view the facts presented in the pleadings and the inferences to be draw therefrom in the light most favorable to the ... nonmoving party."  *Green v. Fund Asset Management,* 245 F.3d 214, 220 (3d Cir. 2001) (quoting *Institute for Scientific Info., Inc. v. Gordon & Breach, Science Publishers, Inc.,* 931 F.2d 1002, 1004 (3d Cir. 1991)).  Judgment on the pleadings is appropriate only if the plaintiffs would not be entitled to relief under any set of facts that could be proved.  *Id.*  Rule 12(c) also provides:
> If, on a motion for judgment on the pleadings,
> matters outside the pleadings are presented to
> and not excluded by the court, the motion shall
> be treated as one for summary judgment and
> disposed of as provided in Rule 56, and all
> parties shall be given reasonable opportunity
> to present all material made pertinent to such
> a motion by Rule 56.

2

The plaintiffs' responsive briefs to the defendants' motions assert that there are potentially material issues of fact in dispute.  Given the high percentage of averments in the complaint that the defendants deny, it appears that material issues of fact are in dispute.

The complaint contains many quoted portions of the insurance contract and quotes from or summaries of documents in the Forward Thinking litigation.  The defendants do not dispute the materiality of these documents, but they do not accept the accuracy of the plaintiffs' quotations and summaries.  Yet, in asking the court to enter judgment on the pleadings the defendants ask the court to base a decision upon writings that are merely attached to the motions, without any authentication or compliance with any of the evidentiary underpinnings for documentary evidence supporting a motion as set by Rule 56 of the Federal Rules of Civil Procedure.

In *National Wrecking Company v. International Brotherhood of Teamsters,* 1991 WL 249784 (N.D. Ill.), the Court stated that it is nonsensical to respond to a complaint's pleadings of a direct quotation by saying in the answer that the allegation "purports to characterize a written document which speaks for itself."  Here, having done that throughout their answer to the plaintiffs' pleadings of portions of the underlying material documents in the complaint, the defendants now ask the court to grant judgment in their favor by application of those same documents without discussing any

flaws found by the defendants in the plaintiffs' complaint's quotations from those documents.  Thus, they implicitly require the court to compare every quoted passage in the complaint against its counterpart language in the unauthenticated documents filed by the defendants.  In the *National Wrecking Company* case, the Court struck the pleading.  Here, we will not strike the defendants' answers but we will not disregard the plain construction of the defendants' denials of the facts pleaded by the plaintiffs.  If the material documentary language is in dispute, as it is, it necessarily follows that there is not an absence of a dispute of material facts.  Therefore, a basis for judgment on the pleadings pursuant to Rule 12(c) is not presented.

**IT IS ORDERED** that the motions for judgment on the pleadings (Docs. 21, 23) are **DENIED**.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:    June 27, 2005.