```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NATIONAL RECOVERY AGENCY, INC.:     CIVIL NO. 4:05-CV-0033
and DIVERSIFIED BILLING        :
SERVICES, INC.,                :
                               :
          Plaintiffs           :    (Magistrate Judge Smyser)
                               :
     v.                        :
                               :
AIG TECHNICAL SERVICES, INC.,  :
and ILLINOIS NATIONAL          :
INSURANCE COMPANY,             :
                               :
          Defendants           :
```

**MEMORANDUM AND ORDER**

The plaintiffs, National Recovery Agency, Inc. and Diversified Billing Services, Inc., commenced this action by filing a complaint on January 6, 2005. On September 30, 2005, the plaintiffs filed an amended complaint. The defendants are AIG Technical Services, Inc. (AIGTS) and Illinois National Insurance Company (Illinois National).[1]

The amended complaint contains three counts. In Count I, the plaintiffs are seeking a declaratory judgment that,

---

[1] We note that although the caption of the amended complaint lists American International Group, Inc. as a defendant, none of the counts in the amended complaint are directed against American International Group, Inc.

pursuant to an insurance policy issued by defendant Illinois National, Illinois National must provide the plaintiffs a defense in a case filed against them by Forward Thinking, Inc. (Forward Thinking) in New Jersey Superior Court as well as a declaratory judgment that defendant Illinois National must indemnify them for the claims of Forward Thinking.  In Count II, the plaintiffs are seeking damages on a claim that defendant Illinois National breached the insurance contract by failing to provide them a defense or indemnification in the case filed by Forward Thinking.  In Count III, the plaintiffs are seeking damages on a claim that defendants Illinois National and AIGTS acted in bad faith in violation of 42 Pa.C.S.A. § 8371 and Pennsylvania common law by failing to provide them a defense or indemnification in the case filed by Forward Thinking.

   The parties have consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c).

   On October 20, 2005, the defendants filed an answer to the amended complaint.

   On November 18, 2005, the defendants filed a motion to stay all proceedings and a brief in support of that motion.

The defendants contend that the plaintiffs' claims based on a failure to indemnify are not ripe. They argue (1) that a duty to indemnify does not arise until the insured is found liable for damages in the underlying action, (2) the Forward Thinking case is still proceeding in the Superior Court of New Jersey and is not scheduled for trial until April of 2006, and (3) therefore, the plaintiffs' claims based on a failure to indemnify are not ripe. Rather than seek dismissal of the plaintiffs' claims based on a failure to indemnify, the defendants seek to stay the entire case until sometime after the Forward Thinking litigation is completed and the plaintiffs' indemnity claims are ripe. The defendants contend that the entire case should be stayed because judicial economy would not be served by allowing the case to proceed on only those claims that are ripe. The defendants assert that proceeding now with discovery, pretrial proceedings and trial in this case on the plaintiff's bad faith/duty to defend claim would almost certainly result in duplicative effort if the plaintiffs' claims based on a failure to indemnify survive the Forward Thinking case.

The plaintiffs concur in the defendants' motion to stay all proceeding. However, we do not see the need to stay this case.

3

We agree that the plaintiffs' claims based on a failure to indemnify are not ripe since the plaintiffs have not been found liable in the Forward Thinking case.  The plaintiffs' claims based on a failure to indemnify will only become ripe if the plaintiffs are found liable in the Forward Thinking case and if, after that finding of liability, the defendants refuse or fail to indemnify the plaintiffs.  Given those contingencies, it is not clear that the plaintiffs' indemnity claims will become ripe.  Rather than delay this case indefinitely, we will dismiss the unripe claims and proceed with those claims that are ripe.

**IT IS ORDERED** that the plaintiffs' claim in Count I of the amended complaint seeking a declaratory judgment that Illinois National must indemnify the plaintiffs for the claims of Forward Thinking, the plaintiffs' claim in Count II for damages against defendant Illinois National for breach of the insurance contract based on a failure to indemnify the plaintiffs from the claims of Forward Thinking, and the plaintiffs' claim in Count III for damages against defendants Illinois National and AIGTS for a bad faith failure to indemnify the plaintiffs in the case filed by Forward Thinking are **DISMISSED.  IT IS FURTHER ORDERED** that the defendants' motion (doc. 58) to stay all proceedings is **DENIED** and this case shall proceed on the remaining claims in

accordance with the case management order of October 18, 2005.


                                    */s/ J. Andrew Smyser*
                                    J. Andrew Smyser
                                    Magistrate Judge


Dated:  November 22, 2005.

5